UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Ashland)

| | |
|---|---|
| PAMELA I. LEWIS, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 0: 14-116-DCR |
| ) | |
| V. ) | |
| ) | |
| CAROLYN W. COLVIN, ) | **MEMORANDUM OPINION** |
| Acting Commissioner of Social Security, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

*** *** *** ***

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Pamela I. Lewis (hereafter, "Lewis" or "the Claimant") and Defendant Carolyn W. Colvin, Acting Commissioner of Social Security (hereafter, "the Commissioner"). [Record Nos. 13, 14] Lewis argues that the administrative law judge ("ALJ") assigned to her case erred by finding that she is not entitled to a period of disability, disability insurance benefits, or supplemental security income. [Record No. 13-1, pp. 11–14] However, the Commissioner asserts that the ALJ's decision is supported by substantial evidence and should be affirmed. [Record No. 14, pp. 3–9] For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief requested by Lewis.

**I.**

On October 23, 2009, Lewis filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act ("the Act"), and supplemental security income under Title XVI of the Act. [Record No. 8-1, Administrative

- 1 -

Transcript, "Tr.," p. 18]  She alleges a disability beginning September 26, 2009.[1]  [*Id.*] Lewis, along with attorney Lucinda Cornett and vocational expert ("VE") Anthony Michael, appeared before ALJ Jerry Meade on March 5, 2013, for an administrative hearing.  [Tr., pp. 1140–56]  On April 2, 2013, ALJ Meade found that Lewis was not disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the Act.  [Tr., p. 31]  Lewis appealed the ALJ's determination to the SSA's Appeals Council.  However, her appeal was denied on June 23, 2014.  [Tr., pp. 8–10]

Lewis was 43 years old when her alleged disability began (September 26, 2009), and 47 years old at the time of ALJ Meade's decision.  She has a high school education and previously worked as a nursing assistant.  [Tr., p. 30]  After considering the testimony presented during the administrative hearing and reviewing the record, the ALJ concluded that Lewis suffers from severe impairments including: obesity; COPD; osteoarthritis; congestive heart failure; borderline intellectual functioning ("BIF"); panic disorder with agoraphobia; and major depressive disorder.  [Tr., pp. 20–23]  Notwithstanding these impairments, the ALJ concluded that the Claimant maintained the residual functional capacity ("RFC") to perform less than a full range of light work, with the following constraints:

> [Lewis] can lift and/or carry 20 pounds occasionally and 10 pounds frequently. She can stand at least three hours total and 30 minutes at a time out of an eight-hour workday. She can walk two hours out of an eight-hour workday

---

[1] Lewis previously applied for disability insurance benefits and supplemental security income in April 2007, alleging a disability beginning March 30, 2007.  [Tr., p. 42]  That application was denied by ALJ Andrew J. Chwalibog in a decision dated September 30, 2009.  [Tr., p. 52]  However, as noted by ALJ Meade, the previous RFC is not binding because the current record contains "new and material evidence."  [Tr., p. 27]; *see Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 842 (6th Cir. 1997); SSAR 98-4(6).

and no more than one-half hour without interruption. She can sit at least six hours out of an eight-hour workday and four hours without interruption. She can only occasionally climb ramps or stairs, stoop, kneel, crouch, and crawl. She can never climb ladders or scaffolds. She can occasionally push or pull with the upper extremities. She can frequently reach. She can occasionally be exposed to unprotected heights, moving machinery, humidity, wetness, temperature extremes, dust, odors, fumes, and pulmonary irritants. She can understand, remember, and carry out simple instructions. She can deal with changes in routine work setting. She can have no interaction with the public and occasional interaction with coworkers and supervisors.

[Tr., 25]

After considering Lewis' age, education, work experience, and RFC, the ALJ concluded that there existed a significant number of jobs in the national economy that she can perform, including routing clerk, hand packager, inspector, and sorter. [Tr., p. 31] Thus, the ALJ determined that Lewis was not disabled from September 26, 2009, through the date of the administrative hearing. [*Id.*]

## II.

Under the Social Security Act, a "disability" is defined as "the inability to engage in 'substantial gainful activity,' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). A claimant's Social Security disability determination is made by an ALJ in accordance with "a five-step 'sequential evaluation process.'" *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc) (quoting 20 C.F.R. § 404.1520(a)(4)). If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

A claimant must first demonstrate that she is not engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, the claimant must show that she suffers from a severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(c), 416.920(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months and which meets or equals a listed impairment, she will be considered disabled without regard to age, education, and work experience. 20 C.F.R. §§ 404.1520(d), 416.920(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the claimant's RFC and relevant past work to determine whether she can perform her past work. If she can, she is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f).

Under the fifth step of the analysis, if the claimant's impairment prevents her from doing past work, the Commissioner will consider her RFC, age, education, and past work experience to determine whether she can perform other work. If she cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. §§ 404.1520(g), 416.920(g). The Commissioner has the burden of proof only on "'the fifth step, proving that there is work available in the economy that the claimant can perform.'" *White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 785 (6th Cir. 2009) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for Social Security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether

the correct legal standards were applied. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). The substantial-evidence standard presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006). Substantial evidence is such relevant evidence as a reasonable mind might accept as sufficient to support the conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007); *Colvin v. Barnhart,* 475 F.3d 727, 730 (6th Cir. 2007); *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005); *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). In other words, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

### III.

Lewis asserts that the ALJ erred in evaluating the medical opinions and evidence in the record when constructing her RFC. She also contends that the ALJ failed to consider that she uses oxygen and breathing treatments throughout the day.

### A. Medical Opinions and Evidence

#### 1. Dr. Jane Brake

The RFC determination is a matter reserved for the ALJ. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(f) (outlining the five-step sequential evaluation process used to

ascertain whether a claimant is disabled); *see also Edwards v. Comm'r of Soc. Sec.*, 97 F. App'x 567, 569 (6th Cir. 2004) ("[The RFC] determination is expressly reserved for the Commissioner."). In making an RFC determination, an ALJ must consider the medical evidence, non-medical evidence, and the claimant's credibility. *See* 20 C.F.R. §§ 404.1545(a), 404.1545(c), 416.945(a), 416.945(c). Lewis asserts that the ALJ erred by failing to accurately present the opinions of Dr. Jane Brake, Ph. D., in the RFC after giving them "great weight," and failing to include Dr. Brake's limitations in the hypothetical question posed to the VE. [Record No. 13-1, p. 11–13]

Dr. Brake is a state agency consultant who provided a mental residual functional capacity assessment after reviewing Lewis' medical history. In the portion of the report titled "Summary Conclusions," Dr. Brake stated that Lewis was "moderately limited" in her ability to understand and remember detailed instructions, carry out detailed instructions, maintain attention and concentration for extended periods, and interact appropriately with the general public. [Tr., pp., 403–04] The report then instructed Dr. Brake to explain these limitations in more detail and in narrative form in the "Functional Capacity Assessment" later in the report. [Tr., pp. 403, 405] In the "Functional Capacity Assessment," Dr. Brake determined that Lewis retained the capacity to understand and recall simple material, function in an object focused setting that required little public contact, adapt to routine changes, and concentrate and persist at simple tasks in two-hour segments. [Tr., p. 405] In evaluating the medical evidence to create the RFC, the ALJ expressly weighed Dr. Brake's opinions in the "Functional Capacity Assessment" section only.

Lewis first asserts that the ALJ's failure to expressly review Dr. Brake's limitations described in the "Summary Conclusions" portion of the report is reversible error. Although Lewis is correct that the ALJ did not list these limitations when constructing the RFC, the ALJ did account for them by reviewing Dr. Brake's own explanations of the capacity limitations they would require. By relying on the narrative explanation, the ALJ was able to make concrete findings regarding Lewis' ability to work despite her limitations. Thus, the ALJ reasonably relied on Dr. Brake's own narrative explanation of the limitations listed in the "Summary Conclusions" portion of the report in creating the RFC.[2] *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173–74 (9th Cir. 2008) (finding it proper for an ALJ to rely on available concrete restrictions when translating nonspecific qualifying terms such as "moderately limited" and "mildly limited"). Therefore, the ALJ adequately evaluated Dr. Brake's opinions.

Further, a review of the RFC demonstrates that the ALJ properly accounted for Dr. Brake's limitations. Dr. Brake determined that Lewis retained the capacity to understand and recall simple material. [Tr., p. 405] This opinion was addressed in the RFC by stating that Lewis "can understand, remember, and carry out simple instructions." [Tr., p. 25] Dr. Brake also found that Lewis was able to "function in an object setting that requires little public contact." [Tr., p. 405] This opinion was included in the RFC by limiting Lewis to "no

---

2     The ALJ would have been required to interpret the "moderate" limitations described in the "Summary Conclusions" portion of the report in order to create a valid RFC. *See Program Operations Manual System* (POMS) DI 24510.065 (finding that an RFC should not include "severity ratings or nonspecific qualifying terms (*e.g.*, moderate, moderately)" to describe limitations because they do not adequately describe the function or articulate the degree of capacity). Thus, the ALJ did not err by only expressly evaluating Dr. Brake's concrete restrictions which interpreted the limitations assessed in the "Summary Conclusions" portion of the report and were able to be incorporated into the RFC verbatim.

interaction with the public and occasional interaction with coworkers and supervisors." [Tr., p. 25] Additionally, Dr. Brake found that Lewis had the capacity to "adapt to routine changes." [Tr., p. 405] The ALJ accounted for this opinion by stating that Lewis could "deal with changes in a routine work setting." [Tr., p. 25] Finally, Dr. Brake determined that Lewis could concentrate and persist at simple tasks in two-hour segments. [Tr., p. 25] The ALJ did not specifically address this limitation in the RFC, however, this does not constitute reversible error because breaks every two hours are expected in most jobs. *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 730 (6th Cir. 2013); SSR 96-9p, 61 Fed. Reg. 34478 (July 2, 1996). Thus, the ALJ's RFC adequately accounted for the opinions of Dr. Brake.

Lewis also contends that the hypothetical question posed to the VE failed to incorporate Dr. Brake's limitations. The VE's testimony relies on the ALJ's assessment of what the claimant "can or cannot do." *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004). Additionally, the ALJ is permitted to rely on the VE's answer to a hypothetical question only to the extent the assumptions included in the hypothetical are supported by substantial evidence. *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). The VE's answers to these questions constitute substantial evidence "only if the question accurately portrays [the claimant's] individual physical and mental impairments." *Id.* (internal quotation marks omitted). However, the ALJ is only required to incorporate limitations in his hypothetical that he finds credible. *Griffeth v. Comm'r of Soc. Sec.*, 217 F. App'x 425, 429 (6th Cir. 2007).

The ALJ incorporated the RFC determination into the hypothetical posed to the VE by asking if work exists for:

> [a person] with the Claimant's age, education and work experience, who is able to perform light work, can lift and or carry 20 pounds occasionally and 10 pounds frequently, can stand at least three hours total and 30 minutes at a time out of an eight hour work day, can walk two hours out of an eight hour work day, no more than one-half hour without interruption, and can sit at least six hours out of an eight hour day, four hours without interruption. Can only occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl, can never climb ladders or scaffolds, can occasionally push and pull with the upper extremities, can frequently reach, can occasionally be exposed to unprotected heights, moving machinery, humidity, wetness, temperature extremes, and dust, odors, fumes and pulmonary irritants. Individual can understand, remember and carry out simple instructions, can deal with changes in a routine work setting, can have no interaction with the public, and occasional interaction with coworkers and supervisors.

[Tr., p. 1154] The VE testified that such a person would not be able to perform Lewis' past work but would be able to find work as a routing clerk, hand packager, inspector, and sorter. [Tr., pp. 1154–55]

Lewis specifically objects that the ALJ did not include Dr. Brake's opinions in the hypothetical question. [Record No. 13-1, p. 12] As a result, she asserts that the ALJ erred under *Ealy v. Commissioner*, 594 F.3d 504 (6th Cir. 2010). In *Ealy*, the ALJ asked the VE to "assume this person [is] limited to simple repetitive tasks and instructions in a non-public work setting." *Id.* at 516. However, the ALJ in *Ealy* expressly noted that he was adopting the opinion of a state agency psychologist who concluded that Ealy had the ability to "sustain attention to complete simple repetitive tasks for two-hour segments over an eight-hour day where speed was not critical." *Id.* The Sixth Circuit held that the ALJ's hypothetical to the VE did not accurately describe the claimant's functional restrictions. *Id.* The core of the

holding in *Ealy* "reinforces the principle that if the ALJ utilizes a hypothetical, it must describe a claimant accurately." *Mallott v. Colvin*, Civil Action No. 5: 13-305-DCR, 2014 WL 2574520, at *8 (E.D. Ky. June 9, 2014). However, as stated above, ALJ Meade adequately accounted for Dr. Brake's opinions in the RFC. Therefore, because the hypothetical question incorporated the RFC, it was not error for the ALJ to rely on the VE's testimony in determining that there are jobs that exist in significant numbers in the national economy that Lewis can perform.

Finally, Lewis asserts that remand is required because Dr. Brake did not review the complete record. [Record No. 13-1, p. 11] She provides no explanation for this claim, but instead cites to *Jones v. Astrue*, 808 F. Supp. 2d 993, 998–99 (E.D. Ky. 2011). *Jones* found that when an ALJ relies on a non-examining physician over a treating source, "the non-examiner should have reviewed a complete record." *Id.* at 998. Therefore, without greater explanation from the Claimant, *Jones* is inapplicable. *See Glass v. Colvin*, Civil Action No. 0: 13-89-KKC, 2014 WL 3809752, at *6 (E.D. Ky. Aug. 1, 2014). Thus, for the foregoing reasons, the ALJ did not err in evaluating and providing great weight to Dr. Brake's opinions.

### 2. Dr. Melanie Ledford[3]

Lewis also contends that the ALJ erred in assigning "little weight" to the opinions of Dr. Melanie Ledford, M.D. [Record No. 13-1, pp. 13–14] ALJ Meade considered Dr. Ledford's limitations and assigned them "little weight." [Tr., p. 29] The ALJ explained that

---

3  The ALJ's opinion considers the medical opinions and evidence of "Dr. Melanie Redford." For purposes of this review, the Court considers those statements to be in reference to Dr. Melanie Ledford.

the opinions were not supported by the record as a whole and that the record did not reflect a treatment relationship. Lewis asserts that Dr. Ledford qualifies as a treating physician and that the ALJ failed to provide specific reasons why her opinions were not supported by the findings. [Record No. 13-1, pp. 13–14] The Commissioner responds that the ALJ appropriately applied the regulations regarding the weight to be given to the opinions and that the ALJ's RFC determination was supported by the record as a whole. [Record No. 14, pp. 6–8]

A treating physician is a physician that "has, or has had, an ongoing treatment relationship" with the claimant. 20 C.F.R. §§ 404.1502, 416.902. ALJ Meade found that the record did not demonstrate any treatment relationship between Lewis and Dr. Ledford. [Tr., p. 29] Although Lewis asserts that Dr. Ledford qualifies as a treating physician, she cites no treatment or examination evidence in the record to substantiate her claim. In fact, a review of the record provides no evidence that a treatment relation existed between Dr. Ledford and the Claimant. As a result, Dr. Ledford qualifies as a consultative examiner under the statute.

The ALJ is responsible for weighing the record as a whole and determining the claimant's RFC. *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439 (6th Cir. 2010); 20 C.F.R. §§ 404.1546(c), 416.946(c). When reviewing medical evidence, the weight the ALJ gives to a consultative opinion depends on a variety of factors, including whether the source actually treated the claimant, the supportability of the source's opinion, consistency of the opinion compared with the record as a whole, and other factors. 20 C.F.R. §§ 404.1527(c), 416.927(c). When an opinion is inconsistent with the record, the ALJ has the discretion to give less weight to that opinion. 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4).

ALJ Meade discussed Dr. Ledford's opinions regarding the Claimant's ability to function by stating that:

> [Dr. Ledford] opined that the claimant could lift/carry less than 10 pounds occasionally and less than 10 pounds frequently; stand/walk less than two hours of an eight-hour day and sit less than about six hours of an eight-hour day; would have push and pull limitations in the upper and the lower extremities; could occasionally balance; could never climb, kneel, crouch, crawl, and stoop; could occasionally reach, handle, and finger; would have limited vision; and should have limited exposure to temperature extremes, dust, vibration, humidity and wetness, hazards, fumes, odors, chemicals, and dust.

[Tr., p. 29]

The ALJ gave these limitations little weight because Dr. Ledford did not have a treatment relationship with Lewis. Further, Dr. Ledford recognized limitations that were not supported by the record as a whole. Specifically, Dr. Ledford determined that Lewis could only occasionally reach, handle, and finger. [Tr., p. 366] However, examining physician Dr. Kip Beard, M.D., found no abnormalities with Lewis' hands or arms. [Tr., p. 385] As a result, the ALJ found that Dr. Ledford's opinions were not supported by the record as a whole. [Tr., p. 29]

The ALJ did not err in assigned little weight to the medical opinions of Dr. Ledford. ALJ Meade appropriately applied the factors outlined in §§ 404.1527 and 416.927 by considering that Dr. Ledford's opinions were unsupported by the record, that they lacked a treatment relationship with the Claimant, and that her opinions were inconsistent with the record as a whole. Further, Lewis asserts that the ALJ failed to give good reasons for the weight attributed to Dr. Ledford's opinions. However, the ALJ communicated specific reasons regarding the appropriate weight to give Dr. Ledford's opinions. Additionally, even

if the ALJ had not provided good reasons, he was not required to do so because Dr. Ledford did not qualify as a treating physician. *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004); *Burton v. Astrue*, Civil Action No. 5: 12-208-DCR, 2013 WL 85073, at *6 (E.D. Ky. Jan 7, 2013). Thus, the ALJ did not err in evaluating the opinions of consultative examiner Dr. Ledford.

### B. Oxygen and Breathing Treatments

Finally, Lewis asserts that the ALJ's RFC determination and hypothetical question posed to the VE were flawed because they failed to accommodate for her use of oxygen and breathing treatments throughout the day. [Record No. 13-1, p. 14] The Claimant supports her assertion by stating only that she "testified at the hearing that she used oxygen and takes breathing treatments throughout the day for her breathing." [*Id.*] Thus, she did not address the ALJ's findings on the issue, the medical evidence in the record, or the reasons the ALJ determined that her testimony lacked credibility. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997). Accordingly, the Court deems this argument waived.

### IV.

The ALJ properly evaluated and accounted for the opinions of Dr. Brake and Dr. Ledford. Further, Lewis waived any argument regarding her need for oxygen and breathing treatments. Accordingly, it is hereby

**ORDERED** as follows:

       1.       Plaintiff Pamela I. Lewis' Motion for Summary Judgment [Record No. 13] is **DENIED**.

       2.       Defendant Carolyn W. Colvin's Motion for Summary Judgment [Record No. 14] is **GRANTED**.

       3.       The administrative decision will be **AFFIRMED** by separate Judgment entered this date.

This 26th day of March, 2015.

Signed By:
*Danny C. Reeves* DCR
United States District Judge